UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO,                                         *
     Secretary of Labor,                                *
     United States Department of Labor,                 *
                                  Plaintiff,            *   CIVIL ACTION NO.
                                                        *
                    v.                                  *
BENJAMIN MORRIS, IRVING MORRIS,                         *
 REDSTONE DEVELOPMENT CORPORATION,                      *
 REDSTONE OPERATING LLC, PENSION PLAN                   *
 UNDER THE REDSTONE DEVELOPMENT                         *
 RETIREMENT TRUST and PROFIT SHARING PLAN               *
 UNDER THE REDSTONE DEVELOPMENT                         *
 RETIREMENT TRUST,                                      *
                                  Defendants            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. §§1001 et seq., as amended, and is brought by the Secretary to enjoin acts and practices which violate the provisions of Title I of ERISA and to obtain appropriate relief in order to redress violations and enforce the provisions of that Title pursuant to ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. Venue with respect to this action lies in the District of Connecticut pursuant to ERISA §502(e)(2), 29 U.S.C. §1132 (e) (2).

## DEFENDANTS

4. The Pension Plan under the Redstone Development Retirement Trust (the "Pension Plan") is an employee pension plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) and is subject to coverage of the Act pursuant to §4(a), 29 U.S.C. §1003(a). It was established by a Plan and Trust Agreement with an effective date of January 1, 1994 to provide retirement and death benefits for the employees of Redstone Development Corporation ("Redstone Corp."), a Connecticut corporation. The Plan has offices in Cheshire, Connecticut and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief may be granted.

5. The Profit Sharing Plan under the Redstone Development Retirement Trust (the "Profit Sharing Plan") is an employee pension plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) and is subject to coverage of the Act pursuant to §4(a), 29 U.S.C. §1003(a). It was established by a Plan and Trust Agreement with an effective date of January 1, 1994 to provide retirement and death benefits for the employees of Redstone Corp., a Connecticut corporation. The Plan has offices in Cheshire, Connecticut and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief may be granted.

6. At all times relevant to this action, Redstone Corp., a Connecticut corporation, was the Plan Sponsor of the Plan. As such, Redstone Corp. was a party in interest with respect to the plan within the meaning of ERISA §3(14)(C), 29 U.S.C. §1002(14)(C).

7. At all times relevant to this action, Irving Morris and Benjamin Morris were trustees of the Pension Plan and the Profit Sharing Plan. During the period each served as trustee, he was a fiduciary with respect to each Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21)

and a party in interest with respect to each Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A). At all times relevant to this action, each of the Plan's trustees served as the named Plan Administrator of each Plan. As such the trustees were fiduciaries with respect to each Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21) and parties in interest with respect to each Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

## CLAIMS

8.  On or about September 25, 1995, Benjamin Morris, in his capacity as trustee of the Pension Plan caused the Pension Plan to transfer approximately $16,000 in plan assets to Mortgage In-Vest Group ("MIV") through an investment agreement with MIV. Also, on or about September 25, 1995, Benjamin Morris, in his capacity as trustee of the Profit Sharing Plan caused the Profit Sharing Plan to transfer approximately $50,000 in plan assets to Mortgage In-Vest Group ("MIV") through an investment agreement with MIV. At the time Benjamin Morris caused the Plans to enter into the MIV investment agreements and transfer the Plans' assets to MIV, Benjamin Morris did not intend that the Plans' assets remain with MIV, but intended that the Plans' assets be transferred to a party in interest with respect to the Plans.

9.  In or about October 1995, Benjamin Morris as trustee of the Plans, instructed MIV to transfer the Plans' investment in MIV to Sirrom, LLC ("Sirrom"). Benjamin Morris owns ninety (90) percent of the interest in Sirrom. As such, Sirrom is a party in interest with respect to the Plans within the meaning of §3(14)(G), 29 U.S.C. §1002(14)(G).

10. By virtue of the acts described in paragraphs 8 and 9, trustee Benjamin Morris

   (a) Failed to discharge his duties with respect to the Plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants

and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

(b) Failed to discharge his duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

(c) Caused the Plans to engage in a transaction which he knew or should have known constituted the direct or indirect transfer of plan assets to, or use by or for the benefit of, Sirrom, a party in interest, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

(d) Dealt with the assets of the Plans in his own interest or for his own account, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

(e) Acted in a transaction involving the Plans on behalf of a party whose interests were adverse to the interests of the Plans, its participants and beneficiaries in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

11. Trustee Irving Morris failed adequately to control the assets of the Plans and failed adequately to monitor the actions of trustee Benjamin Morris set forth at paragraphs 8 and 9. Pursuant to ERISA §405, 11 U.S.C. §1105, Irving Morris is liable as a co-fiduciary for the fiduciary breaches of Benjamin Morris set forth at paragraph 10.

PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an order:

1. Permanently enjoining Benjamin Morris, Irving Morris and Redstone Development Corp. from violating or participating in any violation of ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106;

2. Requiring defendants jointly and severally to restore to the Plan all losses incurred as a result of the fiduciary breaches and prohibited transactions in which they participated or for which they are liable, plus appropriate interest, including set off of the defendants' individual Plan accounts against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by the defendants;

3. Requiring defendants to correct the prohibited transactions in which they participated;

4. Awarding the Secretary the costs of this action; and

5. Providing such other relief as is just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Kevin J. O'Connor | Howard Radzely |
| U.S. Attorney | Solicitor of Labor |
| 155 Church St, 23d Floor |  |
| New Haven, CT 06510 |  |
|  |  |
| Post Office Address: | Frank V. McDermott |
| Office of the Solicitor | Regional Solicitor |
| J.F.K. Federal Building, |  |
|     Room E-375 | */s/ Maureen L. Canavan* |
| Boston, MA  02203 | Maureen L. Canavan |
| (617) 565-2500 | Attorney Bar #CT14133 |
| FAX (617) 565-2142 | United States Department of Labor |
|  | Attorneys for the Plaintiff |