UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ELAINE L. CHAO,<br>　　Secretary of Labor,<br>　　United States Department of Labor,<br>　　　　　　　　　　　Plaintiff, | \*<br>\*<br>\*<br>\*　CIVIL ACTION NO.<br>\* |
| v. | \* |
| BENJAMIN MORRIS, IRVING MORRIS,<br>REDSTONE DEVELOPMENT CORPORATION,<br>REDSTONE OPERATION LLC, PENSION PLAN<br>UNDER THE REDSTONE DEVELOPMENT<br>RETIREMENT TRUST and PROFIT SHARING<br>PLAN UNDER THE REDSTONE DEVELOPMENT<br>RETIREMENT TRUST,<br>　　　　　　　　　　　Defendants | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PARTIAL CONSENT JUDGMENT AND ORDER

Defendants Irving Morris, Redstone Development Corporation, Redstone Operating LLC, Pension Plan under the Redstone Development Retirement Trust ("Redstone Pension Plan") and Profit Sharing Plan under the Redstone Development Retirement Trust ("Redstone Profit Sharing Plan") and Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, (the "Secretary") have agreed to resolve all matters in controversy between the Secretary and said defendants in this action, (except for the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. §1132(l) and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith. This Partial Consent Judgment does not resolve matters in controversy between the Secretary and defendant Benjamin Morris.

1

Defendants Irving Morris, Redstone Development Corporation, Redstone Operating LLC, Redstone Pension Plan and Redstone Profit Sharing Plan have waived the requirements of Rule 4, Federal Rules of Civil Procedure, as to service of a summons upon them and have acknowledged receipt of Plaintiff's Complaint. By consent to this Order, said defendants have admitted to the jurisdiction of this Court over them and over the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

Defendant Irving Morris currently serves as the sole trustee of the Plans. Defendant Irving Morris has previously ensured that all mandatory contributions have been made to the Pension Plan and has restored a total of $31,000 to the Plans as partial correction of prohibited transactions which are the subject of the Complaint in this matter. As the prohibited transactions have not been fully corrected, amounts remain due and owing the Plans based upon the alleged prohibited transactions.

The Secretary has not resolved any matters in controversy with former trustee, Benjamin Morris including those involving prohibited transactions that have not been fully corrected. In order to achieve full restitution for the Plans, the Secretary's prayer for relief includes a request that Benjamin Morris' individual plan account balances be set off, as authorized by Title I of ERISA, 29 U.S.C. §1056(d)(4), if proper correction of the prohibited transactions is not made by Benjamin Morris and if losses are not otherwise restored to the Plans.

By assenting to this Order, defendants Irving Morris, Redstone Development Corporation, Redstone Operating LLC, Redstone Pension Plan and Redstone Profit Sharing Plan neither admit nor deny the allegations of the Complaint.

Defendants Irving Morris, Redstone Development Corporation, Redstone Operating LLC, Redstone Pension Plan and Redstone Profit Sharing Plan and Plaintiff, having agreed to entry of this Partial Consent Judgment and Order, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants Irving Morris, Redstone Development Corporation and Redstone Operating LLC are permanently enjoined from violating the provisions of Title I of ERISA.

2. Defendant Irving Morris agrees to take an in kind distribution under the Redstone Pension Plan and Redstone Profit Sharing Plan in the form of a portion of the Plans' investment in Mortgage In-Vest. The specific portion attributable to Irving Morris' accounts will be determined upon resolution of all claims in this matter, including those claims against former trustee Benjamin Morris. To the extent necessary to effect full distributions to participants or beneficiaries other than former trustee Benjamin Morris, Defendant Irving Morris agrees to waive any interest he may have in any investments of either the Redstone Pension Plan or Redstone Profit Sharing Plan other than the investments in Mortgage In-Vest. A participant's full distribution of his/her account balance shall include each participant's pro rata share of the total amount of principal originally invested and interest accrued through the date of distribution for the Plans' investments in Mortgage In-Vest as well as each participant's pro rata share of the remaining investments of the Plans.

3. Defendant Irving Morris, on behalf of defendants Redstone Pension Plan and Redstone Profit Sharing Plan agrees to comply with all Orders of the Court issued in this matter.

4. Defendant Irving Morris, on behalf of defendants Redstone Pension Plan and Redstone Profit Sharing Plan, agrees to take all steps necessary to distribute assets of the Pension Plan and Profit Sharing Plan to participants and/or beneficiaries, other than former trustee Benjamin Morris. Defendant Irving Morris may cause the merger of the Redstone Profit Sharing Plan into the Redstone Pension Plan. As matters in controversy between the Secretary and Benjamin Morris have not been resolved and as the Secretary seeks as a potential remedy in her Complaint the offset of Benjamin Morris' individual plan account balances, distribution of Benjamin Morris' individual plan account balances, if any, should not be made until the conclusion of the Secretary's action against Benjamin Morris or other resolution of the Secretary's claims against Benjamin Morris. Defendant Irving Morris, the current sole trustee of the Plan, shall have the authority to exercise control over all plan assets, including assets at Merrill Lynch Pierce Fenner and Smith, or any affiliate or related party, for the purpose of making proper distributions from the Plans to plan participants.

5. Defendant Irving Morris agrees to take all steps necessary to terminate the Plans, including but not limited to executing any and all documents necessary to effect termination of the Plans.

6. Defendant Irving Morris agrees to cooperate with the Secretary, including providing all requested documents and information regarding this matter and providing other assistance as necessary.

7. Each party shall bear its own fees and expenses with respect to this action.

8. The Court shall retain jurisdiction of this matter for the purposes of enforcing this Consent Judgment and Order.

9. Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS 30th day of November, 2006.

_____
United States District Judge

Consented to by:

For the Plaintiff
Secretary of Labor:

Frank V. McDermott
Regional Solicitor

_____   8/11/05
Maureen L. Canavan           Dated
Attorney CT Bar No #14133
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA  02203

[Stamp: U.S. DISTRICT COURT NEW HAVEN, CT   2006 NOV 30  A 11: 52   FILED]

For the Defendants:

_____   4/29/05
Irving Morris                Dated

_____   4/29/05
Redstone Development Corporation   Dated

_____   4/29/05
Redstone Operating LLC       Dated

_____   4/29/05
Pension Plan under the Redstone   Dated

5


Development Retirement Trust

_____[signature]_____          __4/29/05__
Profit Sharing Plan under the Redstone      Dated
Development Retirement Trust